UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECURITIES AND EXCHANGE COMM'N,<br><br>　　　　　Defendant. | No. 2:23-cv-1329 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this action under the Freedom of Information Act ("FOIA") along with a request to proceed in forma pauperis. Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends this action be dismissed if plaintiff fails to pay the filing fee.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

1

>fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Recently, Judge Thurston of the Fresno Division of this court held that plaintiff had accrued three strikes prior to October 23, 2023. Judge Thurston held the following cases constituted strikes under 28 U.S.C. §1915(g) because they were dismissed for failure to state a claim:

>1. Caetano v. Kings County Sheriff, et al., 1:22-cv-0222-JLT-BAM (E.D. Cal.) (dismissed March 18, 2022, as frivolous and for failure to state a claim);
>
>2. Caetano v. Kings County Sheriff, et al., 1:22-cv-0261-JLT-HBK (E.D. Cal.) (dismissed April 28, 2022, as frivolous);
>
>3. Caetano v. Depository Trust Company, et al., 1:22-cv-0679-JLT-SKO (E.D. Cal.) (dismissed September 30, 2022, as frivolous and for failure to state a claim);
>
>4. Caetano v. Board of State and Community Corrections, et al., 1:22-cv-0687-JLT-SKO (E.D. Cal.) (dismissed May 30, 2023, for failure to state a claim); and
>
>5. Caetano v. Internal Revenue Service, et al., 1:22-cv-0837-JLT-SAB (E.D. Cal.) (dismissed June 20, 2023, as frivolous and for failure to state a claim).

////

Caetano v. California Dep't of Corr., No. 1:23-cv-0503 JLT EPG PC, 2023 WL 8850270, at *1 (E.D. Cal. Dec. 21, 2023).

Each of these cases were dismissed prior to the filing of the complaint in the present case on July 5, 2023. Accordingly, plaintiff accrued three strikes prior to filing this case and may not proceed unless he can show he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under §1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the present case, plaintiff alleges that the Securities and Exchange Commission violated FOIA by failing to respond to his requests for documents. Plaintiff makes no allegations of imminent physical danger. Therefore, he is not entitled to the benefit of the imminent danger exception of §1915(g).

Because plaintiff incurred three strikes prior to filing this action and does not qualify for the exception, this court will recommend that plaintiff's motion for proceed in forma pauperis be denied and plaintiff be ordered to pay the $405 filing fee before he may proceed with this action.

Accordingly, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $405 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 9, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/caet1329.scrn 3 strikes f&r